UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSET

FILED IN CLERKS OFFICE
2005 MAR -1 P 4: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE MATTER OF:
RAMON W. ABREU CABRERA

FILE NO: A36557748

DETAINED IN REMOVAL PROCEEDINGS

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28. U.S.C. § 2241

RAMON W. ABREU CABRERA
V.
BRUCE CHAD BOURNE

05-10410 NG
Referred to mg New Mag. Judge

① OPENING 2, STATE RE-LITIGATION CASE TO EXPONGE or DISMISSED HENCE ALIEN QUALIFIES FOR 212 (c) 8.U.S.C. 1182 (c) WAIVER.

PETITIONER, RAMON ABREU HEREBY PETITIONS THIS COURT FOR A WRIT OF HABEAS CORPUS TO REMEDY HIS UNLAWFUL DETENTION AND TO ENJOIN HIS CONTINUED UNLAWFUL DETENTION BY THE RESPONDENTS. IN SUPPORT OF THIS PETITION AND COMPLAINT FOR INJUNCTIVE RELIEF - ALLEGES AS FOLLOWS.

PETITIONER IS NATIVE AND CITIZEN OF THE DOMINICAN REPUBLIC WHO WAS BORN ON AUGUST 18, 1963, I ENTERED THE UNITED STATES OF AMERICA ON OCTOBE 1st 1978 FROM SAN JUAN PUERTO RICO AS AN IMMIGRANT RESIDENT IN THE UNITE STATES OF AMERICA. PETITIONER IS PRESENTLY IN THE CUSTODY OF THE UNITED STATES MARSHAL'S SERVICE. AND

1) RESPONDENT, ALBERTO GONZALES ATTORNEY GENERAL AN UNITED STATES AND IS RESPONSIBLE FOR THE ADMINISTRATION OF (ICE) AND THE IMPLEMENTATION AND ENFORCEMENT OF THE IMMIGRATION LAWS. AS SUCH, HE IS THE ULTIMATE LEGAL CUSTODIAN OF THE PETITIONER.

2) RESPONDENT BRUCE CHADBORNE IS THE INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL, BOSTON FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORMENT DEPARTMENT OF HOMELAND SECURITY AS SUCH HE IS THE LOCAL ICE OFFICIAL WHO HAS IMMEDIATE CUSTODY OF THE PETITIONER.

3) JOSEPH McDONAL SHERIFF OF THE PLYMOUTH COUNTY CORRETIONAL FACILITY JAIL AN HOUSE OF CORRECTION. HAS IMMEDIATE CUSTODY OF THE PETITIONER

∠1∠

# Record Appendix Table of Contents

ITEM / PAGE

**Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

| Item | Page |
|---|---|
| Statement of Case | 3 |
| Argument of Facts | 3 |
| Argument of Issues | |
| Exhibits Affidavit of Counsel and Motion to Vacate Impose Stay | 5-6 |
| Issue I Reapply for Waiver of Deportation | 8 |
| Issue II Ineffective Assistan of Counsel | 8 |
| Issue III Under 5 Year Sentence | 9 |
| Issue IV 7 Year Domicile | 10 |
| Issue V Family Ties | 11 |
| Issue VI Relitigation of 2 States Priors | 12 |
| Issue VII Deportation is Second Punishment Violates Double Jeopardy | 13 |
| Conclusion | |

ALIEN RELITIGATION his order of removal ALIEN WAS PRECLUDE by REGULATION From REQUESTING THAT THE BOARD OF IMMIGRATION APPEALS BIA reconsider or reopen The DECISION which found him Subject To Deportation. PETITIONER CLAIM That hi is Entitled To habeas relief IN LIGHT OF The UNITED STATES Supreme Court'S DECISION IN INS V. ST. CYR 533 U.S. 289 121 S. CT 2271. 150, L.Ed 2d. 347. (2001) PETITIONER CLAIMS THAT he WAS WRONGFULLY DEPORTED bECAUSE AT The Time he WAS ELEGIBLE For Discretionary relief under The Now repealed I.N.A. § 212 (c) The Supreme Court has LONG recognized That Deportable ALIENS are ENTITLE To Constituonal Protections of due Process SEE. YAMATAYA V. FISHER 189 U.S. 86. 100-01, 23, S.CT. 611 47 L. Ed 721 (1903) To demonstrate A Violation of due Process AN ALIEN Must demonstrate both A FUNDAMENTAL PROCEDURAL Error AN That Error resulted IN PreJudice UNITED STATES V. TORRES SANCHEZ 68 F. 3d 227. 230, (8th Cir 1995) ACTUAL PreJudice results where defects IN The Deportation Proceedings MAY WELL have resulted IN A Deportation That would NoT otherwise have occurred."

## BACKGROUND

ON MAY 9. 1990, UNITED STATED DEPARTMEN OF JUSTICE IMMIGRATION SERVICE ISSUE AND Order To Show Couse. On APril 23, 1993. Abreu Cabrera was Deported from NEW York To The Dominican Republic Six week Later he was on AN AMTRAK Train 'EN Route from Montreal Canada To New York City During A Routine Customs Train Inspection. AT The CANADA - United States border on June 3. 1993, Abreu Cabrera was Arrested And Indicted for re-entry After Deportation IN VIOLATION OF 8. U.S.C. § 1326. Abreu Cabrera was Sentencing To 57. months IN PrisoMENT AT THE UNITED STATES District Court for The Northern District of NEW York. On January 30, 1996, Abreu was order Deported To The Dominican Republic

(2)

On February 23, 2004, at Boston in the District of Massachusetts defendent herein being an Alien an having been Deported excluded an removal from the United States was found in the United States without havin recived the express consent of the United States Attorney General Prior to March 1st 2003, of the express consent of the Secretary of the department of Homeland Security since the date to reapply for admission to the United Stated All in violation of Title 8. U.S.C. Section 1326 (A)(1) an (b)(2) an Title 6 U.S.C. Section 203 (3) and Section 557.

## STATEMENT OF CASE

Alien Attorney is Petitioning to Attack correct to expunge or Dismiss Alien Tow Stated Priors.

1) Sentence 9-15-1988, Suffork Superior Court Boston Mass for elleged Distribution of (½) Half Grams of Cocaine Case No: 060674. Sentence to serve 90 Days balance supended of 9. months. No Alien warnine was giving to Mr. Abreu Cabrera During his Guilty Plea.

2) Sentence 7-20-1990, Docket No: 9007cr3581, at the District Court of Dorchester Boston Mass for Assault and battery and misconstrued to Inten to commit a crime sentence to 6. months balance of 2. year suspended Alien is indigent and depends upon Family Support to file for Relief Alien ha an Attorney appointment of Counsel to help our legal needs my counsel is Attorney at Law Kathleen M. McCarthy 160, State Street 8th Floor Boston Mass. 02109 TLF:(978) 975-8060.

Mary T. Rogers Attorney at Law P.O. Box 47. Salem Mass 01970 TLF: (978) 744-1883 is Reopening this conviction at Suffolk Superior Court, Docket No: 99911529, under the name of Ismael Cintron Arrest on Nobember 8, 1999, For Traffic controlle Subtancen 14 to 28g of Cocaine, Counsel will Present to this court the Petition to Dismissed this conviction

1.) - Prior one counsel will present to this court the petition to dismissed half ($\frac{1}{2}$) gram distribution of cocaine to personal use [EX 1] affidavit of counsel and [EX 2] motion to vacate previously imposed stay.

2.) - Prior tow counsel will send copy of and prior assault and battery intent to commite a crime 6 months sentence motion to dismiss upon double jeopardy alien may have no prior for deportation I.N.S. act was excludable het aliens who have been arrested and re-entere can reapply for sect 212(A)(6)(B)(1) becoase of the 1990. new law alien can qualify for walver of deportation

## STATEMENTS OF FACTS

Alien Prior 9-15-1988, arrest for distribution of cocaine a half ($\frac{1}{2}$) grams recieve a 90 day sentece and balace suspended alien plead guilty becoase ineffective counsel failed to argue half ($\frac{1}{2}$) gram cocaine was more. personal use cousel presently is filing to correct or dismissed the conviction Mr. Abreu was arrested by tow. Boston Police officer name (Serman Griffith) an (Carlos Luna) these police officer were found corrupt at Bosto superior court also see.. Albert Lewin V. Jose Fitzpatrick, Richar Pond and Richar Flynn July 10-1998. Also see.. M.G.L. 551, 552, 553, 554, 555, 556, 557, and many more cases in 1988, the superior court made a statement issue the all these cases an arrest by this tow officer should be throun out of the court system Mr. Abreu should never been deported and the fist place.,

Aliens Abreu 5-7-1990, arrest of assalt and battery and intent to commit a crime over residents the serionness as reflected upon the 6 months. sentence balance as suspended for Abreu was the fist intended victim of a planned cordinated robbery Abreu had a childrens birthday party and the robbers Jose Varbok and Nancy Tegiro and 3rd,, escapee name Tyrone Jocson planned to rob Abreu while alien entertanning the

[4]

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , S.S.                                         SUPERIOR COURT
                                                       DOCKET NOS. SUCR-
                                                       060674


COMMONWEALTH

V.

RAMON ABREU

### AFFIDAVIT OF COUNSEL

I, Kathleen M. McCarthy, hereby depose and say:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts.

2. The Committee for Public Counsel Services appointed me to the above-captioned case.

3. In the course of representing the defendant, I filed a motion to stay consideration of the defendant's pro-se motion.

4. At this time I am filing on behalf of the defendant the attached amended motion, memorandum, affidavit of defendant and documents and request that the Court vacate the previously imposed stay and proceed on this matter.


SUBSCRIBED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3/ 8/
DAY OF JANUARY, 2005

_____
Kathleen M. McCarthy


EXhibiTs. No: 1

∠5⟩

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, S.S.                                    SUPERIOR COURT
                                                 DOCKET NOS. SUCR-
                                                 060674

COMMONWEALTH

V.

RAMON ABREU

### MOTION TO VACATE PREVIOUSLY IMPOSED STAY

Now comes the defendant in the above-entitled matter and moves that the Court vacate the stay and proceed on the defendant's pro-se motion for a new trial and amended motion to withdraw his guilty plea and for a new trial for the following reasons:

1. The Committee for Public Counsel Services assigned undersigned counsel to this matter.

2. In the course of representing the defendant, undersigned counsel filed a motion to stay consideration of the defendant's pro-se motion;

3. Undersigned counsel submits the attached amended motion, memorandum, affidavit of defendant and documents and request that the Court vacate the previously imposed stay and proceed on this matter.

The defendant submits an affidavit of counsel in support of this motion.

Ramon Abreu,
By his Attorney,

Kathleen M. McCarthy
160 State Street, 8th Floor
Boston, MA 02109
(9768) 975-8060
B.B.O.# 550624

Exhibits No: 2

∠6∖

birThday ParTy of ail 10, small Children age 7. To 10, And 13 Abreu saw The Third robber friend of Jose An Nancy run out of The house Carrying A Gun Abreu In Front of The Children Abreu Could No aTTack or aTTempT To sToP The robber for The childrend may geT hurT since The robber was banishing A Gun Abreu had To Let The robber Leave for The Safety of The Children becoase The robber wasnT invited And A friend of Jose And Nancy And becoase The Jeweiry A Saint Lazarus Piece was ParT from his family 17 years Ago 24.000, of my faTher And moTher Jeweiry Abreu deTaned Jose And Nancy To recover his family Long Time Jewelry becoase The ParTy was full of small Children And Jose was Carrine A 22.Calver Gun Abreu had To Take Jose And Nancy To his sister aPartmen Away from The Children raTher Than Coil The Police Abreu misTaka was The he Tried To make Jose Pay back for The Jewelry Jose And Nancy And Third ParTy consPired To rob Abrey for becoase of all The exTenauTing exTraordinary circumsTance Abreu was Given A very Light senTence of 6, monThs for being An anery vicTim of robbery And by Anger Took in his own hands becoase of A Long Time family Jewelry Piece The Jewelry is not JusT A reGuLay Jewelry Piece Latin. America Are very religious And This Piece is a crafted Piece of SaInT Lazarus sorT of A Good Luck Piece for God saved Lazarus And ProTecD him in heaven where oPPressors were sent To The Devil To burn in hell so Abreu had Tow senTimental reasons of value hi did not want To Lose This Piese Alien Prays The DisTricT CourT of massachusetts, considers The miTiGatine circumsTances as sTate Above. See 15. u.s.c. 3661, use of information for senTencine... No LimitaTion Placed on background, CharacTer, an ConducT A Person. USC 5K2.0 Downward dePartures from SenTence GuideLines for exTenuaTing and miTigating exTraordinary circumstance should be considered. u.s. v. Brown, 985 F. 2d 978 (10th Cir 1993) U.S.C. 1B1.4 downward dePartures allowed upon over rePresent serious ness of background.

⌐7⌐

## ARGUMENT OF ISSUES

ISSUE I re-apply for waiver of deportation <u>Thomas V. INS.</u> 35 F.3d 1332 (9th Cir. 1994) case can be reopened which was arbitrary close hearing base upon new equities or change on new law subsequent to past BIA decision denying relief from deportation <u>Saitoma V. INS.</u> 9 F.3d 432 (6th Cir 1993) <u>U.S. V. Yacovian</u> 24 F.3d 1, (9th Cir 1994) <u>Koziel</u>, 954 F.2d at 335 The new I.N.S. 1990, Act applies to Alien Abreu for relif of 212 (c) for sentence impose under 7 year sentence. <u>U.S. V. Smith</u> 36 F.3d 128 (1st Cir 1994) Alien re-entering the U.S. after deportation may collaterally attack deportation if he or she can show depribation of opportunity for meaningful Judicial Review of the deportation order I.N.S. Act 276, 8. USCA·1326.

Alien Abreu's attorney Kathleen M McCarthy Exq. is attacking both 2, State Priors 1) to dimiss distribution of (½) grams of cocaine 2) for double jeopardy Alien Abreu may have no prior for deportation

## ISSUE II INEFFECTIVE ASSISTANCE OF COUNSEL

<u>Cabral Avila V. I.N.S.</u> 589 F.2d 957 (9th Cir 1978) ineffective assistance of counsel advise Abreu to plea to distribution of half gram of cocaine, yet Abreu never sold any cocaine he plead upon attorney's incorrect advise and should never plead to this charged new attorney is correcting this prior and hope to corrected within a few months Alien Abreu would not have been deported the first time if iffective counsel properly argued half gram of personal use and not distribution to plead just for convinience.

⟨8⟩

## ISSUE III UNDER 5 YEAR NON DEPORTABLE

Alien Abreu qualifies for non deportation for his prior sentence were under 5 years imposed sentence. In Gordon and Gordon. 16.03 (A) Section 212 (A)(III) for conspiracy the section also renders excludable aliens who have been convicted of two or more offenses regardless of whether such offenses, involve moral turpitude for which the aggregate sentenses to confinement actually imposed were five years or more. Palmer v. I.N.S. 4 F.3d. 482, 1993 hardship Id 438 439. 241 (A)(1) redesignated to 8. U.S.C. 1251 (A)(1)(A) 212 (A)(6) redesignated to 8 U.S.C. 1182 (A)(6)(A) exeptions 1182 (A)(3)(C) 1182 (A)(3)(C)(1) class I (I) & 1182 (3) multiple criminal conviction '' any alien convicte of 2 or more offenses other than purely political offenses, regardless of whether the offenses involved moral turpitude for which the aggregate sentenses to confinement actually imposed were 5 years or more is excludable in Rodriguez V. INS. 994 F. 2d 32 (1st cir 1993) (2) Aliens 47, 53, 10 (3) Deportable alien was no excludable under provision of immigration and nationality Act which exclude alians who have been convicted of 2 or more offenses for which aggragate sentenses to confinement actualy imposed were 5 year or more I.N.S. Act. 212 (A)(2)(A)(2)(B) 24 (A)(2)(C) amende-8. USC 1182 (A)(2)(A)(2)(b), 1251 (A)(2)(C) 1255 (A). Id 33, and alien is excludable if he has been convicted of 2 or more offenses for which the aggragate sentenses to confinement actually inposed were 5 year o more I.N.A. 212 (A)(3) 8. U.S.C 1182 (A)(2)(3) Id 34. Matter of I. 569 (BIA 1995) The 1992 language as having actually inposed a sentences to confinement of 1709 days where here 1709 equals less 3 months to 5 year. 5 year equal 1826 days in Rodriguez his confinement inposed was less than 1826 days under 5 years. Thus Rodrigez was vacated and remanded. In Yepes Prado V. U.S. I.N.S. 10 F 3d 1363 (9th cir 1993) Id 1371 Congress could have decided to deny discretionary relief to all persons convicted of serious drug offense but explicitly provides that 212 (C) relief will remain available to persons such as Yepes Prado, who have served less than 5 year imprisonment on account of a narcotics conviction.

(9)

### ISSUE IV, 7 YEARS RESIDENCE

Alien Abreu qualifies for 7 year domicile, BARELA-BLANCO V. I.N.S. 18 F. 3d 584 (3TH Cir. 1994) Id (4) in examining faborable factors 7 years qualify for 212 (c) waiver. See EX PINOZA V. I.N.S. 991 F 2d 1994 (7TH Cir. 1993) WOLISE V. UNITED STATES I.N.S. 4 F. 3d 306 (4TH Cir 1993) Id. 308 According to 8. USC. 1182 (c) Allows any alien lawfully admitted for permanent residence yet facing deportation to apply for discretionary relief upon completion of a lawful unrelinquished domicile of 7 cosecutive year.

In CIRIADO V. I.N.S. 15 F. 3d 584 (8TH Cir. 1994) 2 Alien 53.5 Board of Immigration Appeals should looked back 7 year from date of its decision for Deportation as to preclude finding of good moral character required for shuch relief I.N.S. ACT 101 (F)(7) Amendment 1101 (F)(7)(2) To obtain relief an applicant must establish 7 year of continuous physical presence. Good moral character and severe hardship if deportation occurs. In LEPE EUILRON V. I.N.S. 16 F. 3d 1021 (9TH Cir. 1994) Id 1203, Deportable aliens who are permanent resident and who have acquired seven years of lawfull, unrelinquished domicile in The. U.S. Are elegible for discretionary waiver of deportation. The provision was enacted to aliviate the harsh effects of deportation of those aliens who have lawfully established substantial ties to the united states 8 USC 1182(c) 1182(c) relief regardless of when they were admitted for permanent residence. 212 (c) was just humane goal of providing relief to those for whom deportation would result in peculiar or unusual hardship. 212 (c) was enated to provide relief from deportation for those who have lawfull formed strong ties to the united states, ... Children Naturaly form the strongest of ties to the place where their parents are domiciled. In FRACIS V. I.N.S 532 F. 2d 268 (2nd Cir 1976) Fundamental fairness dictates that permanent resident aliens who are in the circumstances but for irrelevant and fortuitous factors be treated in a like manner. I.N.S. 212 (C) 8. USC 1182 (C)

(10)

## ISSUE V FAMILY TIES

IN HAJIANI-NIROUMAND V. I.N.S. 26 F.3d 832 [8th Cir. 1994] IN CONSIDERING WAIVER OF DEPORTATION, BOAR OF IMMIGRATION APPEALS BIA MUST BALANCE SOCIAL AND HUMANE FACTORS PRESENTED BY THE ALIEN AGAINST ADVERSE FACTORS. IN RASHTABADI V. I.N.S. 23 F.3d 1562 [9th Cir 1994] Id 157 (25) DEFENDANT PRAYS THE WEIGHT IS FABORABLE MORE THAN THE UNFABORABLE AND WEIGHT EACH ONE SEPARATELY AIL IN CUMULATIVE THAT THE U.S. DISTRICT COURT HONORABLE JUDGE CAN MAKE HIS PROPER DECISION. IN HERY V. I.N.S. 3 F.3d 126 [7th Cir 1993] Id 434. 8 U.S.C. 1101 (A)(20) DEFENDANT YAQUB WAS LAWFULLY ADMITTED SINCE 1963 AN NO OTHER REASON SUCH STATUS WAS TO BE CHAGED IS A CONSIDERATION OF LAWFULL RESIDENCE. IN CASEN V. INS. 8 F.3d 700 [9th Cir 1993] Id. 703 8 U.S.C. 1251 (A)(1)(h) PREVENTION TO BREAK-UP FAMILES COMPRISE IN PART AMERICAN CITIZENS OR LAWFULL PERMANENT RESIDEN.

ALIEN ABREU QUALIFIES FOR FAMILY TIES WAIVER OF DEPORTATION CONSIDERATION

| NAME | RELATION | CITIZENSHIP | AGE | ADDRESS |
|---|---|---|---|---|
| FELIX ABREU | FATHER | DOMINICAN REPUBLIC | 5-16-39 | 127 DAKOTA ST |
| ANA ABREU | MOTHER | DOMINICA REPUBLIC | 2-9-45 | 127 DAKOTA ST |
| FIOR D. ABREU | SISTER | UNITED STATES | 5-30-72 | 127 DAKOTA ST |
| ANGELA ABREU | SISTER | UNITE STATES | 8-15-73 | 127 DAKOTA ST |
| INGRIS ABREU | SISTER | UNITED STATES | 2-16-76 | 127 DAKOTA ST |
| JOHANA ABREU | SISTER | UNITED STATES | 1-17-77 | 127 DAKOTA ST |
| ELIZABETH | SISTER | UNITED STATES | 12-10-78 | 127 DAKOTA ST |
| ANGELICA ABREU | DAUGTER | UNITED STATES | 09-27-90 | 127 DAKOTA ST |
| FELIX ABREU | SON | UNITED STATES | 05-9-92 | 127 DAKA ST |
| BRIANY STAR ABREU | DAUETHER | UNITED STATES | 12-4-00 | 26-BARRY ST |

[11]

| Name | Relation | Birth | Citizen | Address |
|---|---|---|---|---|
| Felix A. Abreu | Father | 5-16-39 | Dominican Republic | 127 Dakota st Boston Mass 02124 Dorches |
| Ana P. Abreu | Mother | 2-9-45 | Dominican Republic | 127 Dakota st Boston mass 02124 Dorchest |
| Fior D. Abreu | Sister | 5-30-72 | United States | 127 Dakota st Boston Mass 02124 Dorches |
| Angela M. Abreu | Sister | 8-15-73 | United States | 127 Dakota st Boston Mass 02124 Dorches |
| Ingris Abreu | Sister | 2-16-76 | United States | 127 Dakota st Boston Mass 02124 Dorchest |
| Johana Abreu | Sister | 1-17-77 | United States | 127 Dakota st Boston Mass 02124 Dorchest |
| Elizabeth Abreu | Sister | 12-19-78 | United States | 127 Dakota st Boston Mass 02124 Dorchester |
| ANGELICA Abreu | DAUGHTER | 09-27-90 | UNITED STATE | 127. DAKOTA ST. BOSTON MASS 02124 |
| FELIX ANTONIO Abreu | SON | 05-9-92 | UNITED STATE | 127 DAKOTA ST. BOSTON MASS 02124 |
| BriANY STAR Abreu | DAUGHTER | 12-4-00 | UNITED STATE | 24. BATTY ST. BOSTON MASS 02124 |

⟨11⟩

## ISSUE VI Re-Litigation of Aliens Past 2 Priors

In Abreu Alien was the victim of a planned robbery, because of the children, the shoe was on the other foot the robbers were caught by the victim (Abreu) hence Abreu ended with 6 months in jail upon extenuating circumstances to avoid the children from being hurt. The search warrant of police confiscated 1) a Porky Pig new telephone Alien Abreu and family attorney McCarthy will file his 28, U.S.C. 2255 Habeas Corpus petition upon double Jeopardy for the administrative forfeiture upon 5, new telephone. Hence this prior should be dismissed upon double Jeopardy violation of the Fifth Amendment.

Attorney McCarthy will present court record as to correct first prior on half gram distribution to dismiss the case, in 1988. /Newly discovered evidence/ these Tow Police officer name /Seyman Griffith/ and /Calos Luna/ who made the arrested to Mr. Abreu on November, 14, 1986 the conviction which found him subject to deportation, these police officer were found corrupt at the Boston Superior Court House July 10, 1998. M.G.L. 551, 552, 553, 554, 555. and many more cases. Within 2 or 3 months, because both cases may be disposed. Alien Abreu applies for 212 /c/   8.U.S.C. 1182 waiver,

/12\

## ISSUE VII Double Jeopardy Waiver

Whether the I.C.E. Immigration Review and the B.I.A. Erred in refusing to grant Double Jeopardy bar to Second Punishment Deportation, Double Jeopardy Issue in U.S. V. S 405.C89.23 U.S. Currency 33 F.3d 1210 1994 56 F. 341 (9th Cir. 1995) The Ninth Circuit reversed a civil forfeiture order. U.S. V. McCaslin No: CR 90-0165 WD (WD Wash. Filed Sept. 2, 1994) The U.S. District Court for the Western District of Washington grant a defendant a 2255 motion and vacated his conviction and sentence because the punishment was imposed after his property had been forfeited in a civil action. Therefore Court are either reversing the forfeiture or the conviction so not to violate the Double Jeopardy Clause. . . . . . . In U.S. V. Koziel. 954 F. 2d 331 (2nd Cir. 1992) Id 335 argues Janne V. U.S. 973 F. 2d at 451 that Congress intended the denial of trad to be part of the Penalty" is not synonymous with "Punishment" Plainly Deportation is Penalty. See Fong Haw Tarp V. Phelan 333 US 6, S.Ct. 374, 92 L. Ed 433 (1948) . . . . . Deportation is a forfeiture for misconduct. Such a forfeiture is penalty. It is a civill penalty Congress" retroactive elimination in the 1990 Act of sentencing Court's power to grant relif from the civil penalty of Deportation does not increase the criminal penalties and does no violate the Ex-Ro facto clause.

See U.S. V. Yacoubian, 24 F. 3d (1st Cir 1994) double Jeopardy clause aplied Deportation States in Yacoubian Id. 10 Breed V. Jones 421 US 519 S. CT. 1779, 49 L. Ed. 2d 346 (1975) That double Jeopardy aplies to criminal and Deportation Proceeding are civil therefore in Yacobian failed the double Jeopardy Issue. Yet in Fong Haw Tarp states Deportation forefeiture and also states . . . . . . forefeiture is a penalty Supreme Court recent winning cases . . . . . . . . . .

In Austin V. U.S. 509 US 113. S. CT 2801, 125 L.ed. 2d 488 [1993] and DEP. OF REVENUE OF MONTANA V. KURTH RANCH 511.U.S. 114 S. CT. 1947. 123 L.ed 2d 767 [1994] The conbine lesson of these tow cases is that civil forefeiture is punishment. For the purpose of the Double Jeopardy Clause. Defendant has been declared Deportation and affirmed by the BIA Appeas Board and now awiting for trial at the U.S. District court of Boston massachusetts for illegal Re-entere he is presently at Plymouth County correTional Facility. And Deportation Alien Prays the instant charged and Deportation to be dismissed U.S. V. HALPE 490 S. 435, 104 L.Ed 487, 109 S.CT 1892 [1989] The supreme court concluded that forefeiture is civil punishment for Double Jeopardy Purpose. Hence Deportation is civil......... ForeFeiture see KUR RANCH. The Supreme court held Multiple Punishment are barred by Double Jeopardy Therefore Alien Abreu Cabrera Should be barred from second Punishment Double Jeopardy Attack See U.S. V. PERES No. 94 60738 [November 21. 1994] Also in KURTH RANCH The Supreme court states... No succesive prosecution after conviction Therefore This Deportation is succesive prosecution and punishment. And should be barred by Double Jeopardy Violation of the Fifth Amendment. This court should ruled Deportation waiver.

### CONCLUSION:

For all the reason above the honorable Juge. should 1) Grant waiver of Deportation upon Double Jeopardy 2) or whatever the I.C.E. Immigration Juge.... Deems Fit. Some case are not what they seem to be as in Guillen Garcia V. I.N.S. 999 F 2d 199 [7th cir 1993] Defendant was accused of assalt with a gun and attack on a citizen. but the real fact were he came out of home to see what was going on the other men had the gun not him, he was shot in the leg and woke up in the hospital apparently a police man shot him shooting at the other man. Defendan won his Deportation bese on hardship and circumstances

DATE 2/23/05           [14]           GOD BLESS YA'LL..
                                      Ramon W. Abreu C.

U.S. District Court
For District Court Massachusetts
One U.S. Court House
Court House Way Boston Ma, 02110

OMB #1105-0064
**Appeal Fee Waiver Request**

## APPEAL FEE WAIVER REQUEST

Name: Ramon W. Abreu

"A" Number: A36557748

I, Ramon W. Abreu, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the Applicant/Respondent in the above case and that I am unable to pay the cost of my appeal due to my poverty. I believe that my appeal is valid and I declare that the following responses concerning my financial situation are true and correct to the best of my knowledge:

**Assets**

| | |
|---|---|
| Wages, Salary | $ 0 /month |
| Other Income (business, profession, self-employment, rent payments, interest, etc.) | 0 /month |
| Cash | 0 |
| Checking or Savings account | 0 |
| Property (real estate, automobile, stocks, bonds, etc.) | 0 |
| Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc.) | 0 /month |

**Expenses (including dependents)**

| | |
|---|---|
| Housing (rent, mortgage, etc.) | $ 0 /month |
| Food | 0 /month |
| Clothing | 0 /month |
| Utilities (phone, electric, gas, water, etc.) | 0 /month |
| Transportation | 0 /month |
| Debts, Liabilities | 0 /month |
| Other (specify) | 0 /month |

Signature: Ramon W. Abreu

Date: 2/23/05

Form EOIR-26A
April 1996

Any submission (motion, letter, application, etc) to the court is required to contain a statement that you mailed or delivered an exact copy to the Department of Homeland Security -Litigation Unit and the date this was performed. The court will **NOT** accept any submission unless you:

    a] Send or deliver a copy of the submission to the Department of Homeland Security -Litigation Unit; and,

    b] Certify to the court that you sent or delivered a copy of the submission to the Department of Homeland Security -Litigation Unit and when you did.

===================================================
Below is sample language we suggest you use.
===================================================

## CERTIFICATE OF SERVICE

I, _Ramon W. Abreu_, certify I have served a true copy of the within to the:

    Office of District Counsel
    Department of Homeland Security
    JFK Federal Building, Room 425
    15 New Sudbury Street
    Boston, MA 02203

postage <u>prepaid</u> / <u>in hand service</u>, on this  2  day of   23  , 2005.
(Circle one)

_Ramon W. Abreu_
Signature

---

Please note: The Immigration Court is located in Room 320 of the JFK Federal Building.

DO NOT SERVE THE OFFICE OF DISTRICT COUNSEL'S COPY WITH THE ORIGINAL SERVED UPON THIS COURT.
DOING SO DOES NOT CONSTITUTE SERVICE TO THE
OFFICE OF DISTRICT COUNSEL DEPARTMENT OF HOMELAND SECURITY

THE CLERK'S OFFICE WILL NOT FORWARD DOCUMENTS

---