```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

RAMON ABREU CABRERA,           )
                               )
          Petitioner,          )
                               )
     v.                        )  C.A. No. 05-10410-NG
                               )
BRUCE CHADBOURNE, Interim      )
Field Office Director,         )
B.C.I.S.,      ET AL.,         )
          Respondents.         )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Petitioner's Application to Proceed Without Prepayment of Fees is Denied and he is directed to either pay the $5.00 filing fee or submit a completed Application to Proceed Without Prepayment of Fees, accompanied by a statement of his prison account balance, if any, within forty-two (42) days of this Order. Failure of Petitioner to comply with this Order may result in dismissal of this case.

By separate Order, the clerk shall serve the Petition for habeas relief pursuant to 28 U.S.C. §2241 on the Respondents and the Respondents shall be directed to file a response to the petition, notwithstanding the unresolved filing fee issue.

BACKGROUND

On March 1, 2005, Ramon W. Abreu Carrera filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking to enjoin his alleged continued unlawful detention by the Respondents, Alberto Gonzalez, U.S. Attorney General, Bruce Chadbourne, Interim Field Office Director of

B.I.C.E., and the custodian, Joseph McDonald, Sheriff, Plymouth County Correctional Facility. Petitioner claims, *inter alia*, that he is entitled to seek reconsideration or to reopen his removal case in order to request §212(c) relief from removal, in light of INS v. St. Cyr, 533 U.S. 289 (2001). Petitioner also claims that he received in effective assistance of counsel in his removal proceedings, and he is in the process of challenging his underlying convictions and seeking new trials. He further argues that deportation is a second punishment violating double jeopardy, and he also seeks an adjustment of status based on his family ties. Petitioner in currently in the custody of the United States Marshal as a pretrial detainee in a criminal case pending before Judge Tauro, charging him with illegal re-entry by a deported alien, in violation of Title 8 U.S.C. §1326. See United States v. Abreu-Cabrera, CR 04-10081-JLT (Order of Magistrate Judge Alexander remanding Abreu Cabrera to the custody of the United States Marshal pending trial. See 4/19/04 Order on Detention). Petitioner is confined at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

   Petitioner has previously filed a §2241 seeking to challenge his removal. See Abreu v. INS, C.A. 04-11997-DPW. On October 22, 2004 that petition was dismissed without prejudice because the petitioner did not name his custodian and because he was not in the custody of the immigration authorities.

<u>ANALYSIS</u>

I. <u>The Application to Proceed Without Prepayment of Fees</u>

A party filing a habeas petition in this Court must either (1) pay the $5.00 filing fee for petitions for writs of habeas corpus); or (2) if he or she lacks sufficient funds to pay the filing fee, submit an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. §1915 (proceedings *in forma pauperis*). Petitioner submitted what appears to be a copy of a document entitled "Appeal Fee Waiver Request" form, but has not submitted an Application to Proceed *in forma pauperis* form, nor did he provide any information with respect to his prison account balance, if indeed he has one.  Therefore, even though Petitioner has alleged that he has no assets or income, his Application is deemed to be incomplete at this time, and he is ORDERED to either pay the $5.00 filing fee, or submit a completed Application to proceed *in forma pauperis*, accompanied by his prison account statement, pursuant to Rule 3(a) of the Rules Governing Habeas Corpus Cases Under §2254 (applicable to other habeas petitions), within forty-two (42) days of the Order.  Petitioner is advised that failure to comply with this directive may result in dismissal of this action.

II. <u>Respondents shall file a response to the petition</u>

By separate Order, the clerk shall serve the petition and

the Respondents shall file a response to the petition.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Petitioner's Application to Proceed *in forma pauperis* is denied. Petitioner shall either pay the $5.00 filing fee or shall file a completed Application to proceed *in forma pauperis*, accompanied by his prison account statement, if any, within forty-two (42) days of the date of this Order; failing which, this action may be dismissed.

2. By separate Order, the Respondents shall be required to file a response to the habeas petition.


SO ORDERED.


March 8, 2005                     /s/ Nancy Gertner
DATE                              NANCY GERTNER
                                  UNITED STATES DISTRICT JUDGE