UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAMON ABREU CABRERA,              )
                                  )
            Petitioner            )
                                  )    Civil Action No.
        v.                        )    05cv10410-NG
                                  )
BRUCE CHADBOURNE, FIELD OFFICE    )
DIRECTOR, BUREAU OF IMMIGRATION   )
AND CUSTOMS ENFORCEMENT           )
                                  )
            Respondent            )


RETURN AND MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS

**SUMMARY STATEMENT**

Respondent[1] Field Office Director Bruce Chadbourne moves for

dismissal for failure to state a claim upon which relief may be

granted, and for lack of subject matter jurisdiction based upon

the res judicata in Abreu v. INS, 04cv11997-DPW (D. Mass. 2004).

See Attachment A, Memorandum and Order dated October 22, 2004.

What is more, judicial review of petitioner's executed 1993

and 1996 deportation orders is barred by statute.  Former 8

U.S.C. § 1105a(c); Baez v. INS, 41 F.3d 19, 24 (1st Cir. 1994),

cert. denied 115 S. Ct. 2608 (1995) ("We conclude that the

---

[1] The responsive official of the Department of Homeland Security
responsible for enforcement of petitioner's removal order in the
instant action is Bruce Chadbourne, Field Office Director for
Detention and Removal, Department of Homeland Security, Bureau of
Immigration and Customs Enforcement ("ICE") in Boston,
Massachusetts. See 28 U.S.C. § 517 (providing for the appearance
of the Department of Justice "to attend to the interests of the

statute's [8 U.S.C. § 1105a(c)] plain meaning must prevail, and, therefore, an alien's departure from the United States, whether voluntary or involuntary, deprives the federal courts of jurisdiction to entertain challenges to an antecedent order of deportation. Because the instant petition solicits judicial inquiry into the correctness of the deportation order that brought about petitioner's departure, we dismiss it for want of appellate jurisdiction.").

Alternatively, even if habeas corpus review were not barred as set out herein, petitioner's claims are meritless inasmuch as petitioner has already received a merits-based discretionary determination on his relief application under former section 212(c) of the Immigration and Nationality Act ("INA"), former 8 U.S.C. § 1182(c), in 1993, and has been deported twice since then.

**FACTS AND BACKGROUND**

Petitioner is native and citizen of the Dominican Republic who was admitted to the United States on October 1, 1978 as an alien admitted for lawful permanent residence.  Petitioner was then convicted in Suffolk Superior Court, Boston, Massachusetts, on September 15, 1988, for Possession With Intent to Deliver Cocaine.  The former Immigration and Naturalization Service ("INS") issued an administrative Order to Show Cause dated May 9,

United States in a suit pending in a court of the United

1990, charging petitioner as an alien deportable for having been convicted of a controlled substance offense.

In those deportation proceedings, petitioner through immigration counsel applied for discretionary administrative relief under former Immigration and Nationality Act ("INA") section 212(c), former 8 U.S.C. § 1182(c). Petitioner's relief application was denied by an Immigration Judge as a matter of discretion on the merits on November 25, 1991, and his subsequent appeal to the Board of Immigration Appeals ("BIA") was dismissed on February 3, 1993. <u>See</u> Attachment B.

Petitioner failed to file any petition for judicial review -- as he could have back in 1993 -- and so he was deported from the United States on April 23, 1993. <u>See</u> Attachment C, PACER search result.

Petitioner re-entered the United States illegally on June 3, 1993, and was convicted on July 15, 1994, in the United States District Court for the Northern District of New York for unlawful re-entry after deportation. <u>U.S.A. v. Abreu-Cabrera</u>, No. 93-CR-216 (N.D.N.Y. Jul. 15, 1994).

An administrative Order to Show Cause was again issued by the former Immigration and Naturalization Service ("INS") on February 28, 1995, charging petitioner with deportability under former 8 U.S.C. § 1241(a)(1)(A) as an alien who re-entered the

States").

United States after deportation without the consent of the
Attorney General. On January 30, 1996, the Immigration Judge
ordered petitioner again deported, finding petitioner ineligible
to apply for relief under former INA section 212(c). Petitioner
appealed that order of deportation to the BIA, but then requested
withdrawal of the BIA appeal, which was allowed by the
Immigration Judge on March 11, 1996. Consequently, petitioner
was deported from the United States for the second time, on July
30, 1997.

Petitioner re-entered the United States illegally yet again
in 1998, and on February 23, 2004, petitioner's 1993 order of
deportation was reinstated administratively under the
"reinstatement" provisions of 8 U.S.C. § 1231(a)(5), and an
administrative warrant of removal was issued on March 2, 2004.
Petitioner filed a Motion to Reopen his deportation proceedings
with the BIA, but that motion was denied by decision dated May
20, 2004. See Attachment D.

On March 23, 2004, an Indictment was filed against
petitioner in the United States District Court for the district
of Massachusetts under 8 U.S.C. § 1326, alleging an "Illegal Re-
entry of Deported Alien", in United States of America v. Ramon
Wilberto Abreu-Cabrera, A/K/A Ismael Cintron, No. 04CR10081JLT
(D. Mass.). That criminal case remains pending.

4

On September 13, 2004, petitioner filed a petition for writ of habeas corpus substantially identical to the instant petition. Abreu v. INS, 04cv11997-DPW (D. Mass. 2004). By Memorandum and Order dated October 22, 2004, Judge Woodlock dismissed that petition after determining that the Court lacked subject matter jurisdiction while petitioner remained in the custody of the United States Marshal Service in criminal proceedings before Judge Tauro in United States of America v. Ramon Wilberto Abreu-Cabrera, A/K/A Ismael Cintron, No. 04CR10081JLT (D. Mass.). See Attachment A. Petitioner did not appeal that dismissal. See Attachment C.

Petitioner remains detained by the U.S. Marshal Service pending resolution of his current prosecution for a violation of 8 U.S.C. § 1326, Illegal Re-Entry of Deported Alien in U.S.A. v. Abreu-Cabrera, 04cr10081-JLT (D. Mass.). Petitioner has twice before been deported, and once before convicted of Unlawful Re-Entry After Deportation. U.S.A. v. Abreu-Cabrera, No. 93-CR-216 (N.D.N.Y. Jul. 15, 1994).

**ARGUMENT**

I. THE INSTANT PETITION IS BARRED BY RES JUDICATA OR IS AN ABUSE OF THE WRIT.

In petitioner's previous habeas petition, which is substantially identical to the instant petition, Judge Woodlock dismissed the action specifically ruling that: "Because Abreu's criminal proceedings are still on-going and he is in the custody

5

of the United States Marshal Service, rather than Immigration and Customs Enforcement, the successor agency to the now-defunct INS, this Court lacks subject matter jurisdiction over Abreu's claims." (Footnotes omitted). Attachment A, <u>Abreu v. INS</u>, 04cv11997-DPW (D. Mass. 2004), Memorandum and Order dated October 22, 2004, pp. 3-4.

Petitioner did not appeal Judge Woodlock's October 22, 2004 dismissal. <u>See</u> Attachment C, PACER search result. Accordingly, the question of habeas corpus subject matter jurisdiction over petitioner's claims while he remains in the custody of the United States Marshal in criminal proceedings under <u>United States of America v. Ramon Wilberto Abreu-Cabrera, A/K/A Ismael Cintron</u>, No. 04CR10081JLT (D. Mass.) is res judicata, or an abuse of the writ,[2] and this action should be dismissed.

II.  REVIEW OF PETITIONER'S CLAIM IS BARRED BY FORMER 8 U.S.C. §
     1105a(c), BECAUSE PETITIONER HAS TWICE BEEN DEPORTED.

Moreover, it is well-settled that courts lack jurisdiction to review a deportation order once that deportation order[3] has

---

[2] <u>See</u> <u>e.g.</u> <u>Esposito v. Ashcroft</u> 392 F.3d 549, 550 (2nd Cir. 2004) (court observing in immigration case that "[u]nder the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process", and that "repetition of a previously asserted claim can be at least as abusive as raising new claims that could have been pursued in a prior petition.").
[3] The current judicial review statute, which governs *removal* orders entered on or after April 1, 1997, contains no post-departure review bar.  8 U.S.C. §§ 1252 et seq.  Petitioner's executed final orders of *deportation,* though, were entered April 23, 1993, and January 30, 1996, and so are governed by the former 8 U.S.C. § 1105a(c).

6

been executed by departure from the United States. Former 8 U.S.C. § 1105a(c) (1995);[4] <u>Baez v. INS</u>, 41 F.3d 19, 24 (1st Cir. 1994), <u>cert</u>. <u>denied</u> 115 S. Ct. 2608 (1995) ("We conclude that the statute's [8 U.S.C. § 1105a(c)] plain meaning must prevail, and, therefore, an alien's departure from the United States, whether voluntary or involuntary, deprives the federal courts of jurisdiction to entertain challenges to an antecedent order of deportation. Because the instant petition solicits judicial inquiry into the correctness of the deportation order that brought about petitioner's departure, we dismiss it for want of appellate jurisdiction.").

---

[4] Former 8 U.S.C. § 1105a(c):

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations *or if he has departed from the United States after the issuance of the order*. Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1105a(c)(1995) (emphasis added).

Additionally, habeas review of petitioner's February 3, 1993, deportation order is further barred for procedural default because petitioner failed to seek statutorily prescribed direct review at the First Circuit Court of Appeals, as he could have at that time.[5] <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207 (1st Cir. 2004). Similarly, petitioner's March 11, 1996, deportation order is unreviewable in habeas proceedings upon the additional basis that because petitioner withdrew his BIA appeal of that order he failed to exhaust his administrative remedies as required by former 8 U.S.C. § 1105a(c).[6] <u>Sayyah v. Farquharson</u>, 382 F.3d 20 (1st Cir. 2004).[7]

---

[5] Prior to amendment in September 1996, there was no bar to direct judicial review of deportation orders for criminal aliens such as petitioner.

[6] Former 8 U.S.C. § 1105a(c):

An order of deportation or of exclusion shall not be reviewed by any court *if the alien has not exhausted the administrative remedies available as of right under the immigration laws and regulations . . . ."*

8 U.S.C. § 1105a(c)(1995) (emphasis added).

[7] In <u>Sayyah</u>, <u>supra</u>, the First Circuit made clear that there is no difference in the construction of the statutory exhaustion provisions. <u>Sousa v. INS</u>, 226 F.3d 28, 31 (1st Cir. 2000) (court remarking that current INA section 242(d), 8 U.S.C. § 1252(d), merely restates the prior exhaustion statute, former INA section 106(c), [former 8 U.S.C. § 1105a(c)], and that "most circuits, including this one, have described section 106(c) as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency.").

Sousa v. INA, 226 F.3d 28, 31-32 (1st Cir. 2000)("most circuits, including this one, have described former INA section 106(c) [8 U.S.C. § 1105a(c)] as a jurisdictional bar where an issue sought to be raised in court was not raised in the agency.").

At any rate, even if habeas review of petitioner's 1993 and 1996 deportation orders were not so barred, there is no merit in petitioner's claims, as set out below.

III. PETITIONER FAILS TO STATE A COLORABLE CLAIM OF DOUBLE JEOPARDY.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no one shall "be subject for the same offence to be twice put in jeopardy of life or limb." Like the ex post facto clause, this clause applies only to criminal or punitive measures successively imposed for the same criminal offense. See, e.g., Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) ("the risk to which the Clause refers is not present in proceedings that are not 'essentially criminal'").

Because deportation proceedings are civil and not criminal in nature, they cannot form the basis for a double jeopardy claim. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) (holding that "[a] deportation action is a purely civil action".); Reno v. American-Arab Anti-Discrimination Committee et al., 525 U.S. 471, 491 (1999)(same).

The First Circuit also has made it plain that Double
Jeopardy analysis is inapplicable to deportation proceedings.
Arevalo v. Ashcroft, 344 F.3d 1, 10 n.6 (1st Cir. 2003) ("neither
the Double Jeopardy Clause nor the Ex Post Facto Clause are
relevant to deportation proceedings"); Seale v. INS, 323 F.3d
150, 159-60 (1st Cir. 2003) ("It is well established that neither
the Ex Post Facto Clause nor the Double Jeopardy Clause is
applicable to deportation proceedings.").

Accordingly, even if habeas review were not barred,
petitioner fails to state any colorable claim of Double Jeopardy.
See Petition, pp. 13-14.

IV.  INS v. ST. CYR IS OF NO ASSISTANCE TO PETITIONER, BECAUSE HE
     HAS ALREADY HAD HIS SECTION 212(c) RELIEF APPLICATION
     HEARD AND DETERMINED BY AN IMMIGRATION JUDGE ON THE MERITS IN
     THE EXERCISE OF ADMINISTRATIVE DISCRETION.

Petitioner alleges as a conclusion that he is "entitled to
habeas relief under INS v. St. Cyr, 533 U.S. 289 (2001), because
at the time "that he was wrongfully deported . . . he was
eligible for discretionary relief under the now repealed I.N.A.
section 212(c)."  Petition at 2.

In fact, however, petitioner's relief application under INA
section 212(c) was heard and denied by an Immigration Judge as a
matter of discretion on the merits November 25, 1991, years
before the statutory restrictions on section 212(c) enacted in

1996 by section 440(d) of the AEDPA.[8] That amendment generated
the widespread litigation leading up to INS v. St. Cyr, supra.
See e.g. Goncalves v. Reno, et al., 144 F.3d 110 (1st Cir. 1998),
cert. denied 526 U.S. 1004 (finding that Congress did not intend
retroactive application of the AEDPA restriction on section
212(c) eligibility).

Petitioner then appealed the Immigration Judge's 1991
discretionary denial of section 212(c) relief to the Board of
Immigration Appeals ("BIA"), which dismissed the appeal by
decision dated February 3, 1993.  See Attachment B.
Petitioner was then subsequently deported -- for the first time
-- on April 23, 1993.

Though INS v. St. Cyr, supra, established that INA section
212(c) relief eligibility was not retroactively barred to
otherwise eligible aliens whose plea-based convictions entered
before April 24, 1996, that doesn't help petitioner whose 212(c)
relief was heard and determined on the merits in 1991 by the
Immigration Judge and 1993 on appeal by the BIA, years before the
enactment of the AEDPA relief restrictions at controversy in INS
v. St. Cyr.

Likewise, though petitioner argues that because (he says)
the sentences imposed on his several convictions amount to less
than 5 years, that petitioner somehow becomes eligible for

_____

[8] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L.

section 212(c), Petition at 9, the argument is wholly unfounded in law.  While it is the law that an alien who has served at least 5 years on aggravated felony convictions is statutorily ineligible to apply for section 212(c) relief, see Gomes v. Ashcroft, et al., 311 F.3d 43, 45 (1st Cir. 2002), it does not follow and is not the law that simply because an alien has *not* run afoul of the 5-year bar he automatically becomes exalted to a section 212(c) eligibility that is otherwise absent.  Nor does petitioner's reference to "[t]he new I.N.S. 1990 Act", or U.S. v. Smith, 36 F.3d 128 (1st Cir. 1994), state or suggest any coherent claim or issue relating to any eligibility of petitioner for former section 212(c) relief.

At any rate, petitioner's argument is beside the point because he *did* have a complete discretionary determination of his section 212(c) relief application, by decision of the Immigration Judge in 1991, and by decision of the BIA on appeal of the Immigration Judge's decision in 1993.

Nor does petitioner's digression on the 7-year domicile requirement for section 212(c) eligibility raise any colorable issue.  Petition, p. 10. Again, petitioner was not denied an opportunity to have his section 212(c) application heard on lack-of-domicile or any other basis; rather, the application *was heard*

---

No. 104-132, 110 Stat. 1214 (April 24, 1996)("AEDPA").

*and determined* on the merits in the exercise of administrative discretion.

Accordingly, even if habeas review were available, petitioner has failed to state a claim upon which relief may be granted.

V. PETITIONER HAS OTHERWISE FAILED TO STATE ANY COLORABLE CLAIM FOR RELIEF.

The Court's Memorandum and Order dated March 8, 2005, recites that petitioner "claims that he received in effective assistance of counsel in his removal proceedings". Memorandum and Order dated March 8, 2005, p.2. However, respondent is unable to discern any such claim from the face of the petition. At most, petitioner complains about representation of counsel in his criminal cases. Petition, pp. 4, 8.

The Court's Memorandum and Order also recites that petitioner "seeks an adjustment of status based on his family ties." Id. at 2. However, again, respondent is unable to discern any such claim from the petition that was served. Petitioner's recitation of family ties at page 11 of the Petition appears addressed only to some generalized notion of a "family ties waiver of deportation consideration." Id. Petitioner does not assert eligibility for adjustment of status pursuant to 8 U.S.C. § 1255(a), nor is he eligible for such relief.

Petitioner raises on petition a number of claims relating to the tenability of his underlying criminal convictions, but

13

challenges to the underlying convictions are unavailable in a section 2241 habeas corpus petition. Taylor v. U.S., 396 F.3d 1322 (11th Cir. 2005) (collateral attack on criminal conviction through vicarious immigration habeas is unavailable); Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) ("Habeas petitioner cannot collaterally attack an expired state court conviction under § 2241, even if conviction serves as predicate for Immigration and Naturalization Service (INS) detention. 28 U.S.C.A. § 2241."); Drakes v. INS, 330 F.3d 600 (3rd Cir. 2003) (recognizing a "bar in a section 2241 habeas proceeding [to] a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal."); Contreras v. Schiltgen, 122 F.3d 30, 31-32 (9th Cir. 1997), rehearing granted, 151 F.3d 906 (9th Cir. 1998) (affirming dismissal of an alien's 28 U.S.C. § 2241 petition and holding that he "may not collaterally attack his state court conviction in a habeas proceeding against the INS"); Neyor v. INS, 155 F.Supp.2d 127, 137 (D. N.J. 2001) ("[prior cases] suggest that this Court should not review the validity of an expired conviction under § 2241 where that conviction serves as a predicate for INS detention").

Moreover, it is well-settled that a conviction is final for purposes of immigration law if direct appellate review of the conviction has either been waived or exhausted.  White v. INS, 17

F.3d 475, 479 (1st Cir. 1994).  A conviction is also final even though "subject to collateral attack", Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th  Cir. 1981) (cited in White v. INS, supra, 17 F.3d at 479.

Accordingly, even if habeas review were not barred, petitioner has failed to state a claim upon which relief may be granted.

<u>CONCLUSION</u>

For all the reasons set out above and in respondent's previous filings, the Court should dismiss the petition and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on March 18, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

16

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAMON ABREU,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )   Civil Action No. 04-11997-DPW
                                      )
IMMIGRATION AND                       )
NATURALIZATION SERVICE,               )
                                      )
            Respondent.               )

MEMORANDUM AND ORDER
October 22, 2004

For the reasons stated below, this action is dismissed without prejudice.

### FACTS

On September 13, 2004, Ramon Abreu filed a petition for a writ of habeas corpus seeking a waiver of deportation and claiming that he received in effective assistance of counsel in his removal proceedings.  The petition is far from clear and contains numerous irrelevant legal citations and arguments.

Currently, Abreu[1] is a defendant in criminal proceedings pending before me for violating 8 U.S.C. § 1326 (illegal re-entry of a deported alien).  United States v. Abreu-Cabrera, C.R. No. 04-10081-JLT.  Magistrate Judge Alexander has remanded Abreu to the custody of the United States Marshal pending trial.  See 4/19/04 Order on Detention.  It appears that Abreu is confined at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

_____

[1]In the criminal proceedings, Abreu's name is listed as "Ramon Wilberto Abreu-Cabrera."

ANALYSIS

I.  The Court May Screen The Petition

Although Abreu brings this petition under Section 2241, the
rules governing Section 2254 cases may be applied at the discretion
of the district court to other habeas petitions.  See Rule 1(b) of
the Rules Governing Habeas Corpus Cases Under Section 2254; Perez
v. Hemingway, 157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition,
and if it "plainly appears from the face of the motion. . . that
the movant is not entitled to relief in the district court," the
Court "shall make an order for its summary dismissal."  Rule 4(b);
McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may
be dismissed if it appears to be legally insufficient on its face).
A petition for a writ of habeas corpus may also be summarily
dismissed if it fails to set forth facts that give rise to a cause
of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois,
885 F. Supp. 444, 446 (D. Mass. 1994).

A.  Abreu Is Not In the Custody of the Respondent

Under Section 2241, a district court may consider a habeas
petition from a person who is "in custody under or by color of the
authority of the United States."  28 U.S.C. § 2241(c)(1).  A
petitioner must be "in custody" at the time the petition is filed.
Carafas v. LaValee, 391 U.S. 234, 238 (1968); Patel v. Attorney
General, 334 F.3d 1259, 1264 (11th Cir. 2003)  (citation omitted)

2

(custody determined as of the time of the filing of the petition).
Th "in custody" requirement is jurisdictional.   Jones v.
Cunningham, 371 U.S. 236, 238 (1963); accord Miranda v. Reno, 238
F.3d 1156, 1158 (9th Cir. 2001) (citation omitted); cf. Maleng v.
Cook, 490 U.S. 488, 492 (1989) (per curiam) ("in custody"
requirement has never been extended to the situation where a habeas
petitioner suffers no present restraint from a conviction).

A habeas petitioner must name his custodian, the person having
day-to-day control over him, as the respondent.   Vasquez v. Reno,
233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian
is the individual having day-to-day control over the facility in
which petitioner is being detained), cert. denied, sub nom. Vasquez
v. Ashcroft, 122 S. Ct. 43 (2001); cf. Braden v. 30th Judicial
Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973) (stating
that "[t]he writ of habeas corpus does not act upon the prisoner
who seeks relief, but upon the person who holds him what is alleged
to be unlawful custody.").

Because Abreu's criminal proceedings are still on-going and he
is in the custody of the United States Marshal Service, rather than
Immigration and Customs Enforcement, the successor agency to the
now-defunct INS,[2] this Court lacks subject-matter jurisdiction over

---

[2]On March 1, 2003, the INS ceased to exist as an independent
agency within the Department of Justice and its functions were
eventually transferred to Immigration and Customs Enforcement, a
sub-agency within the newly-formed Department of Homeland
Security.

3

Abreu's claims.[3] <u>Robledo-Gonzales</u>, 342 F.3d 667, 674 (7th Cir. 2003) (affirming dismissal of habeas petition naming attorney general and INS where petitioner was incarcerated awaiting trial on charge of illegal reentry at the time of the filing of the petition); <u>DiGrado v. Ashcroft</u>, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002) (dismissing for lack of jurisdiction where petitioner was in the custody of the United States Marshal awaiting trial on charges of illegal reentry); <u>see also Vasquez</u>, 233 F.3d at 697 (where petitioner did not name proper custodian, district court ought not have acted on the merits of petition).

CONCLUSION

ACCORDINGLY, this action is DISMISSED without prejudice for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of October 2004.

/s/ Douglas P. Woodlock

_____

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[3]I express no view on the merits of Abreu's claims, and note that Abreu has appointed defense counsel in the pending criminal proceedings.

**ATTACHMENT B**

**U.S. Department of Justice**                          Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041
=====================================================================

File:  A36 557 748 - Boston                    Date:    FEB - 3 1993

In re:  RAMON WILBERTO ABREU-CABRERA

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

CHARGE:

   Order: Sec. 241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -
          Convicted of controlled substance violation

APPLICATION:  Waiver of inadmissibility


ORDER:

   PER CURIAM.  The appeal is dismissed.  In his Notice of Appeal
(Form EOIR-26) the respondent indicates in a one sentence
statement that he generally disagrees with the immigration judge's
November 25, 1991, decision denying his application for a waiver
of inadmissibility pursuant to section 212(c) of the Immigration
and Nationality Act in the exercise of discretion.  The respondent
does not allege that the immigration judge failed to consider any
specific facts or that the immigration judge applied incorrect
legal standards in reaching his determination.  Rather, the
respondent disagrees with the immigration judge's conclusion that
he does not warrant a favorable exercise of discretion.  We have
reviewed the record of proceedings, the respondent's contention on
appeal, and the decision of the immigration judge.  The
immigration judge considered the positive equities asserted by the
respondent but properly concluded that the respondent's positive
equities were outweighed by the adverse factors of record.

   The respondent has failed to establish a stable employment
history.  Furthermore, he has established no financial hardship
upon his family in the United States if he were returned to the
Dominican Republic.  Moreover, the emotional hardship of
separation from his family in the United States is mitigated by
his reunion with his mother, older sister, and grandmother in his
native country.  Also, the respondent has no history of community
involvement.  Finally, the respondent has failed to establish
rehabilitation due to his recidivist criminal tendencies and the
recency of his criminal activity.  Thus, even assuming the
respondent's family ties to the United States and his long
residence in the United States to be outstanding or unusual, these

A26 557 748

factors are not significantly supported by his other positive equities to the extent that the positive factors of record counterbalance the serious nature of the respondent's drug trafficking offense and his history of criminal involvement. <u>See Matter of Marin</u>, 16 I&N Dec. 581 (BIA 1978); <u>Matter of Roberts</u>, Interim Decision 3148 (BIA 1991); <u>Matter of Edwards</u>, Interim Decision 3134 (BIA 1990); <u>Matter of Buscemi</u>, 19 I&N Dec. 628 (BIA 1988). Accordingly, we affirm the decision of the immigration judge.

_____
FOR THE BOARD

**ATTACHMENT C**



## Party/Attorney Selection Page

No matching records found for Abreu Cabrera, Ramon

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/18/2005 12:35:33 | | |
| **PACER Login:** | us5172 | **Client Code:** | |
| **Description:** | pty select | **Search Criteria:** | Abreu cabrera, Ramon |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**ATTACHMENT D**

**U.S. Department of Justice**                          Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia 22041

File: A36 557 748 - Boston                    Date:    MAY 2 0 2004

In re: RAMON WILBERTO ABREU-CABRERA a.k.a. Juan Alberto Pena a.k.a. Ramon W. Abrou
       a.k.a. Raymond Wilbert Abru a.k.a. Raymond Abreu a.k.a. Ramon W. Abreu

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Pro se

APPLICATION: Reopening

 

 

The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen his deportation proceedings that were begun on May 9, 1990. The respondent asserts in his motion to reopen that he was deported on May 4, 1993, however. Regulations provide that a motion to reopen "shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). Because the respondent has departed the United States, therefore, his motion to reopen is not allowed. Additionally, even if the motion were allowed, the respondent has not submitted any evidence with his motion demonstrating that the conviction that underlies his deportation proceedings has in fact been vacated as he alleges. Accordingly, we will deny the motion to reopen.

ORDER: The motion to reopen is denied.

FOR THE BOARD