```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

RAMON ABREU,                    )
                                )
          Petitioner,           )
                                )
     v.                         )  C.A. No. 05-10410-NG
                                )
BRUCE CHADBOURNE, Interim       )
Field Office Director,          )
B.C.I.S., ET AL.,               )
          Respondents.          )
```

## MEMORANDUM AND ORDER

For the reasons stated below, the Petitioner's request for appointment of counsel (in a letter dated March 31, 2005) is Denied. Petitioner will be granted an extension of time to May 25, 2005, to file his opposition to the Respondent's Motion to Dismiss. Petitioner is directed to pay the $5.00 filing fee by May 25, 2005.

## FACTS

On March 1, 2005, Ramon W. Abreu Carrera filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking to enjoin his alleged continued unlawful detention by the Respondents, Alberto Gonzalez, U.S. Attorney General, Bruce Chadbourne, Interim Field Office Director of B.I.C.E., and the custodian, Joseph McDonald, Sheriff, Plymouth County Correctional Facility. Petitioner claims, *inter alia*, that he is entitled to seek reconsideration or to reopen his removal case in order to request §212(c) relief from removal, in light of INS v. St. Cyr, 533 U.S. 289 (2001). Abreu also claims that he received in effective assistance of counsel in his removal proceedings, and he

is in the process of challenging his underlying convictions and seeking new trials. He further argues that deportation is a second punishment violating double jeopardy, and he also seeks an adjustment of status based on his family ties. Petitioner in currently in the custody of the United States Marshal as a pretrial detainee in a criminal case pending before Judge Tauro, charging him with illegal re-entry by a deported alien, in violation of Title 8 U.S.C. §1326. See United States v. Abreu-Cabrera, CR 04-10081-JLT (Order of Magistrate Judge Alexander remanding Abreu-Cabrera to the custody of the United States Marshal pending trial. See 4/19/04 Order on Detention). Petitioner is confined at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

Petitioner has previously filed a §2241 seeking to challenge his removal. See Abreu v. INS, C.A. 04-11997-DPW. On October 22, 2004 that petition was dismissed without prejudice because the petitioner did not name his custodian and because he was not in the custody of the immigration authorities.

On March 8, 2005 this Court directed Petitioner to either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees, within 42 days, accompanied by his prison account statement. To date, Petitioner has not complied with this directive.

Instead, in a letter to the Court dated March 31, 2005, Petitioner filed a request for this Court to appoint counsel for him in connection with his habeas petition. He has indicated he

received the Respondent's Motion to Dismiss this petition and requests help in filing the opposition, because his access to time in the library is limited. He has asked his court appointed (federal defender) counsel in the criminal case to assist him, but has not heard back from her. Accompanying his letter was a prison account statement, indicating that Petitioner currently has a balance of $86.79 in his prison account.

## ANALYSIS

### I. *In forma pauperis* status

Upon review of Petitioner's prison account statement, it appears that he has sufficient funds in his account with which to pay the $5.00 filing fee, and he does not qualify for *in forma pauperis* status with respect to the filing fee.  Accordingly, the March 8, 2005 Memorandum and Order is hereby MODIFIED as follows: Petitioner is directed to pay the $5.00 filing fee by May 25, 2005.

### II. Appointment of Counsel

Title 18 U.S.C. §3006A(2)(B) authorizes the appointment of counsel for an indigent petitioner in cases seeking relief under 28 U.S.C. §2241, §2254, or §2255.  Funds for representation are payable as prescribed in Criminal Justice Act.

Appointment of counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. §3006A(2)(B). The decision to appoint counsel is discretionary, and neither a civil

litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996), cert. denied, 519 U.S. 894 (1996); Jackson v. Coalter, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). See also Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  DesRosiers, 949 F. 2d at 23-24 (citations omitted).

    Petitioner is denied *in forma pauperis* status in this Memorandum and Order, however, for purposes of determining whether he is indigent with respect to the appointment of counsel issues, this Court finds he is financially unable to retain counsel. However, that determination alone is not sufficient to warrant the appointment of counsel under the Criminal Justice Act.

Petitioner has not demonstrated the kind of "exceptional circumstances" that warrant appointment of counsel under 18 U.S.C. §3006A.  His assertion that hee needs help to respond to the Respondent's Motion to Dismiss, or that he has limited law library time to prepare an opposition within the 14 days as required, is insufficient to meet the standard.  The fact that he is appearing *pro se*, has no funds, and, absent counsel, may not be on a level playing field with the Respondent is likewise not a sufficient ground for appointment of counsel.  If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* prisoner would qualify.

Moreover, at this juncture Petitioner has not asserted any factual or legal grounds for opposing the Respondent's Motion to Dismiss, and thus has not demonstrated that he may have a meritorious petition warranting appointment of counsel and expenditure of CJA funds, especially in view of the questionable subject matter jurisdiction of this Court over the petition.

Notwithstanding the above, however, the Petitioner will be afforded additional time within which to file an opposition to the Motion to Dismiss.  This additional time should rectify the Petitioner's limited library time.

Upon receipt and review of the Petitioner's *pro se* response to the Motion to Dismiss, this Court will re-assess whether appointment of counsel is justified in this case.

Accordingly, the motion for appointment of counsel is Denied.

5

CONCLUSION

For the reasons stated above, the Petitioner's Request for Appointment of Counsel is Denied.  Petitioner will be granted an extension of time to May 25, 2005, to file his opposition to the Respondent's Motion to Dismiss.  Petitioner is directed to pay the $5.00 filing fee by May 25, 2005.  Failure to pay the filing fee will result in dismissal of this petition.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>19th</u> day of <u>April</u>, 2005.

/s/ Nancy Gertner  
NANCY GERTNER  
UNITED STATES DISTRICT JUDGE
