United States District Court
District of Massachusetts

Ramon W. Abreu Cabrera
Petitione Pro Se

V.

Bruce Chadbourne Field Office
Director Bureo of Immigration
An Customs Enforcement
   Respondent

Civil Action No: 05CV10410-NG

Ramon Abreu Cabrera Petitioner's Response to the Goverment filed Return and Memorandun of Law in Support of motion to Dismiss. Response to you Petition

Respondent Bruce Chadbourne is the interin filed of immigration an customs enforcement Deparment of homeland security as such he is the Local I.C.E official how has immediate custody of the Petitioner.

Respondent Alberto Gonzales Atorney General an the implementation and enforcement of the immigration law. As such he is the ultimate legal customs of the Petitioner.

Joseph Medonal Sheriff of the Plymouth corretional facility Jail an house of correction has immediate custody of the Petitioner

1

# Record Appendix Table of Contents

| Item | | Page |
|---|---|---|
| Motion for a Writ of Habeas Corpus Pursuan to 28.U.S.C § 2241 | | |
| Introduction | 1 | 2 |
| Argument | II | 6 |
| Argument of Fact | III | 9 |
| Issue under 5 years | IV | 11 |
| Issue 7 years Domicile | V | 12 |
| Issue Family Ties | VI | 13 |
| Issue Double Jeopardy | VII | 14 |

# INTRODUCTION

Petitioner is challenging the lawfulness of his deportation by the respondent the Department of Homeland Security Immigration and Customs Enforcement I.C.E. within the Boston I.C.E. District. The petitioner received a final order of removal on April 23, 1993. And he reentere the United States six weeks later he was arrested at Canadian border and United States on June 3, 1993. And he was convicted on July 15, 1994. In New York for unlawful reentry after deportation <u>U.S.A v. Abreu Cabrera</u> No: 93CR-216 /N.D.N.Y Jul 15, 1994/ and aministrative order to show cause was again issued by the former Immigration and Naturalitation Service I.N.S. on February 28, 1995, charging petitioner with deportability ander the former 8.USC §1241 /A/ /1//A/ as and alien who reentered the United States after deportation without the consent of the Attorney General. On January 30, 1996, the Immigration Judge order petitioner agin deported finding petitione inelegible to aply for relief under the former /I.N.A./ section 212 /c/ petitioner appealed the order of the deportation to the B.I.A. appeals which was allowed by the immigration Judge on March 11, 1996, consequently petitioner was deported from the United States for the secon time on July 30, 1997

2

Petitioner is native and citizen of the Dominican Republic who was admitted to the United States on October 1, 1978, as an alien admitted for Lawful Permanent Residence. Petitioner was then convicted in Suffolk Superior Court, Boston Mass. on September 15, 1988 for alleged possession with intent to distribution ½ half grams of cocaine Docket No: 060674 Sentenced to serve 90 days balance. Suspended of 9 months. Not. Alien warning was giving to Mr. Abreu during his Plea......

2). Sentence 7, 20-1990. Docket No: 9007CR3581 at The District Court of Dorchester Boston Mass. for assault and misconstrued to intent to committed a crime........... Sentence to 6 month to serve balance of 2 year suspended sentence alien is..... indigent and depends upon family support to file for relief alien have an..... Attorney appointment of counsel. Attorney at Law Kathleen M. McCarthy. is petitioner.... to attack or correct to expunge or dismissed two state priors conviction........... Prior one counsel will present to this court the petition to dismissed half ½ gram distribution of cocaine See [Ex 1 Page 5] affidavit of counsel and [Ex 2 Page 6] motion to vacate previously inposed stated. ................. .... ...
Prior Tow counsel will send copy of and prior assault and battery inten to..... commited a crime 6. months sentence Motion to dismissed upon Double Jeopardy alien may have no prior for deportation I.N.S. Act was excludable het..... aliens who have been arrested and reentery can reaply for Sect 212 [A] [6][B][1] becoase of the 1990, new law alien can qualify for walver.. of deportation........ ....

3

On February 23, 2004, at Boston in the District of Massachusetts Defendent hirein been an alien having been deported excluded an removal from the United States was found in the United States without having received the express consent of the Secretary of the Department of Homeland Security since the date to reaply for admission to the United States all in biolation of Title 8. U.S.C. Section 1326 (a)(1) an (b)(2) an Title (6) U.S.C Section 203 (3) and Section 557.

Alien relitigation hes order of Removal alien was precluded by regulation from requesting that the Boar of Immigration Appeals BIA to reconsider or Reopen 8.C.F.R. § 2.3 (d) The decition which found him subject to deportation, petitioner claim that he was deprived of he Rieth by the immigration Judge an the he is en title to a habeas relief in ligth of the United States Supreme Court's decision in I.N.S. V. St Cyr 533 U.S. 289 121 S. CT 2271. 150.L.Ed 2d. 347 (2001) Petitioner claim that he was wrongfully deportable because at the time he was eligible for discretionary relief under the now repealed I.N.A. § 212 (c) The Supreme Court has long recognized that deportable aliens are en title to Constituional protections of Due Process see: YAMATAYA V. FISHER 189 US. 86. 100-01. 23.S.CT. 611. 47L.Ed. 721 (1903) To demonstrate a violation of Due Process an alien must demonstrate both a fundamental procedural error an that error resulted in prejudice UNITED STATES V. TORRES SANCHEZ 68 F. 3d. 227, 220 (8th cir 1995) Actual Prejudice results where defects in the Deportation procedines may weil have resulted in a Deportation that would not otherwise have occurred".

4

Prior to AEDPA and IIRIRA alien like ST. had a significant likelihood of receiving relief. Because respondent and other aliens like him almost certainly relief upon that likelihood in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212 (c) relief by IIRIRA has an obvious and severe retroactive effect in IIRIRA unmistakably indicating that Congress considered the question whether to aply its repeal of § 212 (c) retroactively to such aliens that § 212 (c) relief remains available for aliens like respondent whose convictions were obtained through plea agreements and who notwithstanding those conviction would have been eligible for 212 (c) relief at the time of their plea under the law in effect the petitioner was desprived of hes rigth. The immigration Judge s' desicion on november 25, 1991. Mr. Abreu never sold any drugs according to the colloquy was improper and subsequent he appeals to the Board of immigration appeals court. Petitiner disagreess with the immigration Judge in one sentence statement see: Decision of the Board of immigration february 3, 1993, because at the time petitioner was eligible for supension of deportation under secion 212 (c) due to the fact that prosecutor and immigration Judge knew about the police who may the arrested according to the police report / serman griffith / an / calos luna / both were found currupt at Suffor Superior court house and cosenquently removed from the force Mr. Abreu should never have been deported the first time in the instant case the immigration Judge and the B.I.A. violate Abreu Cabrera's rigth to due process of law.

## ARGUMENT

Alien Prior 9-15-1988 Arrest for elleged Distribution of ½ half grams cocaine recieved a 90 day sentence and balance suspended Alien Plea guilty because ineffective counsel a court appoimen lawyer failed to argue half ½ grams of cocaine was more personal use counsel presently is filing to dismiss the conviction [newly discoveryd evidence] Mr. Abreu was arrest by two police officer from Area B. At Boston police unit name [serman Griffith] an [Carlos Luna] these police officer were found corrupt at Boston Superior court house also See: Albert Lewin v. Jose fitz Patrick Richar Pond.. an Richar Flynn July 10, 1998, Also See. M.E.L.. 551, 552, 553, 554, 555, 556,... and many more cases in 1988, the Superior court made a statement issue that all these case an arrest by this tow police officer should be thrown out of the court system Mr. Abreu should never been deported and the first time

Petitioner has previously filed a §2241 Seeking to challenge his Removal. See Abreu V. I.N.S. C.A. 04-11997-DPW. on October 22, 2004 the petition was Dismissed without Pre Judice because the petitioner did not name his Custodian and because he was not in the costody of the immigration Authorities.

On March 1, 2005. Ramon Abreu Cabrera filed a pro se petition for a writ of habeas corpus Pursuant to 28.U.S.C 2241. Seeking to en join his alleged continued unlawful Detention by the Respondents. Alberto Gonzales U.S. Attorney General, Bruce Chadboune Interim field office Director of B.I.C.E. And the custodian. Joseph McDonal. Sheriff, Plymouth county correctional Facility.

On September 13, 2004 Petitioner file a Petition for writ of habeas corpus. Substantially identical to the instant petition. Abreu v. INS 04CV11997-DPW [D. MASS. 2004] by memorandum and order dated October 22, 2004, Judge Woodlock dismissed the petition without prejudice after determining that Petitioner did not name his custodian and because he was not in the custody of the immigration authorities that the court lacked subject matter jurisdiction while petitioner remained in the custody of the united states marshal service in criminal proceedings before Judge Tauro in United States of America v. Ramon Abreu Cabrera A K A Ismael Cintron Ortiz No: 04CR10081JLT [D. MASS] Petitioner did not appeal the dismissal of the petition filed on October 22, 2004. He filed a pro se motion 28 U.S.C. § 2241. on March 1, 2005. Seeking to enjoin his alleged continued unlawful detention by the Respondents, Alberto Gonzales U.S. Attorney General, Bruce Chadbourne Interim Field Office Director of B.I.C.E. and the custodian Joseph McDonald, Sheriff, Plymouth County Correctional Facility. Petitioner remain detained by the U.S. Marshal Service pending sentence for a violation of 8 U.S.A.C. § 1326 illegal reentry of deported alien in U.S.A V. Abreu Cabrera 04CR10081JLT [D. MASS] Petitioner has twice before been deported, and once before convicted of unlawful reentry after deportation U.S.A V. Abreu Cabrera No: 93-CR 216 [U.D.N.Y. July 15, 1994] Case can be reopened which was arbitrary closed hearing bese upon new equities of change on new law subsequent to past BIA decision denying relief from deportation Santoma v. INS 9 F.3d 335 The new law "INS" 1990 Act.

7

On May 6, 1996, Petitioner filed motion 2255 to vacate, set aside or correct sentence by a person in Federal Custody. Petitioner was at Oakdales, LA pending an immigration hearing and resolution to receive relief under the 212 (C) Title 8 U.SA. Code Session 1182. See Superior Court Docket Entry Sheet as follows. On July 7, 1996 the Court took no action on defendant's Pro Se Affidavit. The Court requested transcript of deposition remain in case., McDaniel, J. On August 5, 1996 an order on motion to vacate, set aside or correct sentence by a person in Federal Custody, filed. Lauriat J. On March 18, 1997 the Pro Se request to have ruling on his motion to vacate, set aside or correct sentence. On April 29, 1997 after conversation with Lauriat, J. re: order on motion to vacate, set aside or correct sentence by a person in Federal Custody. Commonwealth now has to respond to defendant Abreu's motion on or before May 16, 1997 due to clerical error. On June 5, 1997 the Commonwealth's motion to dismiss the defendant's motion to withdraw his guilty plea as moot and memorandum in support thereof treated as motion in opposition to defendant's motion to vacate, set aside or correct sentence by a person in Federal Custody is filed with the following endoresement. The defendant shall serve and file his written response to this motion to dismiss by or before July 3, 1997. Due to the fact, that the prosecutor and Superior Court never served the petitioner with the opposition. He was orderly deported on July 30, 1997. For the Second time

8

## ARGUMENT OF FACTS

Petitioner was convicte for ellege possetion with inten to distribution half 1/2 gram of cocaine in Suffolk Superior Court Boston Mass. September 15, 1988. The former immigration and naturalization service INS" issued an administrative order to show cause date may 9, 1990, charging the petitioner as an alien deportable for having been convicted of a controlled subtance offense in those deportation proceeding petitioner through immigration counsel applied for discretionary administrative relief under the former immigration and nationality act INA section 212 (c) former 8. U.S.C. § 1182 (c) petitioner s relief aplication was denied by the immigration judge as a matter of discretion on the merits on november 25, 1991, and he subsequent appeal to the board of the immigration appeals B.I.A was dismissed on february 3, 1993, on nobember 25, 1991, the decision of denying the petitioner s aplication for a waiver of inadmissibility pursuant to section 212 (c) of the immigration and nationality act. In the exercise of discretion the that immigration judge failed to consider any specific fact. or the immigration judge applied incorrect legal standards an reching hes determination. Rather the respondent disagrees with the immigration judge's conclusion that he does not warrant a favorable exercise of decretion. Abreu Cabrera, was deprived of his rieth by the immigration judge's decision. On november 25, 1991, judge D. Ambrosio and the Prosecutor Mr. Nevelle they failed to include specific evidence which include for the record to the Court of Appeals B.I.A a police report and a colloquy which was improper for a direct appeal to the Court of Appeals BIA for his first time appiling the judge s decision for discretionary administrative relief section 212 (c) 8.U.S.C. 1182 (c) the conviction in which he was subjected to deportation abreu disagreed in a one statement sentence according to the B.I.A. Court of Appeals the original form EOIR, on february 3, 1993, decision of the boar that the conviction of contrlled sutance violation was for tra fhicking the BIA made an error there was no reson for the Board of immigration to deny the appeals if the immigration judge legaly submited all record and evidence related to the conviction to the Board of immigration Court of Appeals.

9

To collateral challenge to the validity of a deportation order which is use to form an elment of the criminal offense. May be made where the alien was denied any possibility of judicial review of the deportation order...... The decision on February 3, 1993, for the discretionary relief under the § 212 (c) 8 U.S.C. 1182 waiver of deportation was dismissed by the B.I.A. An Abreu Cabrera was wrongfully deported on April 23, 1993. Under the law an procedury applicable at the time by which Abreu Cabrera migth tender new evidence relevant to the establishment of Prima Facie eligibility for suspension of deportation the immigration Judge and the B.I.A. violated his right to due process of law. The Supreme court recently affirmed that the due process clause applies to all persons within the United States including aliens whether their presence here is lawful, unlawful temporary or permanent Zadvyda v. Davis 533 U.S. 678. 693. 121 S. ST. 2491. 150. L ed 2d. 653 (2001) citation omitted a B.I.A. decision violated due process.... if the proceeding was so fundametally unfair that the alien was prevented from reasonably presenting his case." Sanchez Cruz 255. F. 3d at 779 citation and internal quotation marks omitted see also Sahedi v. I.N.S 222 F. 3d.1157.1164. N.6. (9th cir 200) stating that immigration proceeding as a whole" are Governed by the Fifth amendment S' Due Process clause an alien asserting a Due Process challenge must show pre Judice Sanchez-Cruz 255 F. 3d. at 779 Canpos-Sanchez V. I.N.S 164 F.3d. 448. 450 (9th cir 1998 as we have noted despited the fact there is no administrative rule requaring the Board to review all relevan evidence submitted on appeal it is beyond argument that due process clause requirement of a full and fiar hearing mandates that the Board do. so in its capacity as a reviewing tribunal Larita Martinez v. I.N.S. 220 F. 3d. 1092. 1095. (9th cir 200) internal citation omitted. In the instant case the BIA violate Abreu Cabrera S"Righ To Due Process of law in Larita Martinez in considering a due process challenge similar to the one at bay. We recognized the presumption that the BIA reviwed all the evidence on Appeal Including supplemental evidence, as to extreme hardship Chuchhak 756f. 2D at 1350.

10

## ISSUE IV UNDER 5 YEAR NON DEPORTABLE

ALIEN ABREU QUALIFIES FOR NON DEPORTATION FOR HIS PRIOR SENTENCE WERE UNDER 5 YEARS IMPOSED SENTENCE. IN Gordon And Gordon 16.03 [A] SECTION 212 [A] [III] FOR CONSPIRACY THE SECTION ALSO RENDERS EXCLUDABLE ALIENS WHO HAVE BEEN CONVICTED OF TWO OR MORE OFFENSES REGARDLESS OF WHETHER SUCH OFFENSE INVOLVE MORAL TURPITUDE FOR WHICH AGGREGATE SENTENSE TO CONFINEMENT ACTUALLY IMPOSED WERE FIVE YEARS OR MORE. PALMER V. I.N.S. 4 F.3d. 482, 1993. hardShip Id. 938, 939, 241 [A] [1] REDESIGNATED TO 8. U.S.C. 1251 [A] [1] [A] 212 [A] [6] REDESIGNATED TO 8. U.S.C. 1182 [A] [6] [A] EXEPTIONS 1182 [A] [3] [C] [1] CLASS I [I] 8 1182 [3] MULTIPLE CRIMINAL CONVICTION. ANY ALIEN CONVICTED OF 2 OR MORE OFFENSES OTHER THAN PURELY POLITICAL OFFENSES REGARDLESS OF WHETHER THE OFFENSES INVOLVED MORAL TURPITUDE FOR WHICH THE AGGRATE SENTENCES TO CONFINEMENT ACTUALLY IMPOSED WERE 5 YEARS OR MORE IS EXCLUDABLE IN Rodriguez V. I.N.S. 994 F.2d. 32 [1st Cir 1993] [2] ALIENS 47 53. 10 [3] DEPORTABLE ALIEN WAS NO EXCLUDABLE UNDER PROVISION OF IMMIGRATION AND NATIONALITY ACT WHICH EXCLUDABLE ALIENS WHO HAVE BEEN CONVICTED OF 2. OR MORE OFFENSES FOR WHICH AGGREGATE SENTENCES TO CONFINEMENT ACTUALY IMPOSE WERE 5 YEAR OR MORE I.N.S. ACT 212 [A] [2] [A] [2] [B] 24 [A] [2] [C] AMENDE. 8. U.S.C. 1182 [A] [2] [A] [2] [b] 1251 [A] [2] [C] Id 33, And ALIEN IS EXCLUDABLE IF HE HAS BEEN CONVICTED OF 2 OR MORE OFFENSES FOR WHICH AGGREGATE SENTESES TO CONFINEMENT ACTUALY INPOSED WERE 5 YEAR OR MORE I.N.A § 212 [3] [3] 8. U.S.C. 1182 [A] [2] [3] Id 34. MATTER OF J. 569 [BIA 1995] The 1992 LANGUAGE AS HAVING ACTUALY INPOSED A SENTENCES TO CONFINEMENT OF 1709, DAYS WHERE HERE 1709 EQUAL LESS 3 MONTHS TO 5 YEARS EQUAL 1826, DAYS IN Rodriguez his CONFINEMENT INPOSED WAS LESS THAN 1826, days UNDER 5 YEARS THUS Rodriguez WAS VACATED And REMANDE. IN YEPES Prado V. I.N.S 10 F.3d 1363 [9th Cir 1993] Id 1371 CONGRESS COULD HAVE DECIDE TO DENY discretionary RELIEF TO ALL PERSON CONVICTED OF SERIOUS drug OFFENCE BUT EXPLICITY Provides THAT 212 [C] RELIEF WILL REMAIN AVAILABLE TO PERSON SUCH AS YEPES Prado WHO HAVE SERVED LESS THAN 5 YEAR IM PRISONMENT ON ACCOUNT OF A NARCOTICS CONVICTION.

11

## ISSUE V. 7 YEARS RESIDENCE

Alien Abreu Cabrera qualifies for 7 year Domicile Barela-Blanco V. INS 18 F. 3d 584 [3rd Cir 1994] Id [4] in examine favorable factors 7 years qualify for 212 [c] waiver. See Expinoza V. I.N.S 991 F. 2d 1994 [7th Cir 1993] Wollse V. United States I.N.S. 4 F. 3d. 306 [4th Cir 1993] Id. 308 According to 8.U.S.C. 1182 [c] allows any aliens lawfully admitted for permanent residence yet facing deportation to apply for discretionary relief upon completion of a lawful anrelinquished domicile of 7 consecutive year. In Cipriado V. I.N.S. 1st F. 3d 584 [8th Cir 1994] 2 Alien 53.5. Board of Immigration appeals should looked back 7 year from date of its decision for deportation as to preclude finding of good moral character required for shuch relief I.N.S act 2c2 [F][7] amendment 1101 [F][7][2] to obtain relief applicant must establish 7 years of continuous physical presence. Good moral characte and sevare hardship if deportation. occurs in Lepeguilron V. I.N.S. 16. F. 3d. 1021 [9th Cir 1994] Id 1203. Deportable aliens who are permanent resident and who have acquired seve years of lawful anrelinquished domicile in the U.S. are eligible for discretionary waiver of deportation of those aliens who have lawfully established subtantial ties to the united states 8. U.S.C. 1182 [c] 1182 [c] relief regardless of when they were admitted for permanent residence. 212 [c] was just humane goal of providing relief to those for whom deportation would result in peculiar or unusual hardship. 212 [c] was enated to provide relief from deportation for who have lawfuil formed strong ties to the united states, children naturaly from the strongest of ties to the place where their parents are domiciled in Francis V. I.N.S 532. F. 2d. 268 [2nd Cir 1976] fundamental fairness dictates that permanent resident aliens who are in the circumstances but for irrelevant and fortuitous factors be treated in a like manner. I.N.S. 212 [c] 8. U.S.C. 1182 [c]

## Issue VI Family Ties

In Hajiani-Niroumand v. INS 26 F. 3d. 832 (8th Cir. 1994) in considering waiver of deportation Board of Immigration Appeals BIA must balance social and humane factors presented by the Alien against adverse factors. In Rashtabadi v. INS 23 F. 3d. 1562 (9th Cir 1994) Id 157 (25) defendant prays the weight is favorable more than unfavorable and weigh each one separately all in cumulative that the U.S. District Court. Honorable Judge can make his proper decision. In Henry v. INS 3 F 3d. 126 (7th Cir 1993) Id 434. 8 U.S.C. 1101 (A)(20) Defendant Yaqub was lawfully admitted since 1963 and no other reason such status was to be changed is a consideration of lawful residence. In Casem v. INS 8 F. 3d. 700 (9th Cir 1993) Id. 703 8 U.S.C. 1251 (A)(1)(h) Prevention to break-up families comprise in part American citizen of lawful permanent residents.

ALIEN Abreu qualifies for FAMILY TIES WAIVER OF DEPORTATION CONSIDERATION

| NAME | RELATION | CITIZENSHIP | AGE | ADDRESS |
|---|---|---|---|---|
| Felix Abreu | Father | Dom Rep. | 5,16,39 | 127, Dakota St. Dor. Mass |
| Ana Abreu | Mother | Dom Rep | 2,9,45 | 127 Dakota St. Dor. Mass |
| Fior Abreu | Sister | U.S.A. | 5,30,72 | 127 Dakota St. Dor Mass |
| Angela Abreu | Sister | U.S.A. | 8,15,73 | 127, Dakota St. Dor. Mass |
| Indhic Abreu | Sister | U.S.A. | 2,16,76 | 127, Dakota St. Dor Mass |
| Johana Abreu | Sister | U.S.A. | 1,17,77 | 127, Dakota St. Dor Mass |
| Elizabeth Abreu | Sister | U.S.A | 12,10,78 | 127, Dakota St Dor Mass |
| Angelica Abreu | Daugter | U.S.A. | 09,27,90 | 127, Dakota St. Dor Mass |
| Felix Abreu | Son | U.S.A. | 05,9,92 | 127 Dakota St Dor Mass |
| Briany Abreu Lugo | Daugter | U.S.A. | 12,4,00 | 26 Barry St. Dor Mass |

## ISSUE VII Double Jeopardy

Whether the I.C.E. immigration review and the B.I.A. erred in refusing to grant Double Jeopardy bar to second punishment Deportation Double Jeopardy issue in U.S v. S 405, C 89.23, US Currency 33 F.3d.1210.1994.56. F 341 ⟨9th Cir 1995⟩ The Ninth Circuit reversed forfeiture order: U.S. V. McCaslin No: CR90-0165 WD ⟨WD Wash File Sept. 2 1994⟩ The U.S. District Court for the Western District of Washington grant a defendant a 2255 motion and vacate his conviction and sentence because the punishment was impose after his property forfeited in a civil action. Therefore court are either reversing the forfeiture or the conviction so not to violated the Double Jeopardy clause: In U.S. V. Koziel 954 F. 2d.331, ⟨2nd Cir 1992⟩ Id 335 argues Janne v. U.S. 973 F. 2d. at 451 that Congress intended the denial of trad to be part of the penalty is not synonymous wich" Punishment plainly Deportation is penalty. See Fong Haw Tarp v. Pheilan 233 U.S.6 S. CT. 374. 92. L. Ed. 433 ⟨1948⟩ Deportation is a forfeiture for misconduct. Such a forfeiture is penalty it is a civil penalty Congress retroactive elimination in the 1990, Act of sentence court s' power to grant relief from civil penalty of Deportation does not increase the criminal penaltys and does no violate the Ex-Ro Factor Clause. In Austin V. US 509, U.S.113. SCT 2801, 125. L. Ed 2d 488 ⟨1993⟩ and Dep. of Revenue of Montana V. Kurth Ranch 511.U.S.114 S. CT. 1997. 122 L. 3d 2d.767. ⟨1994⟩ The combine lesson of these two cases is that civil forfeiture is punishment for the purpose of the Double Jeopardy clause. Defendant has been decrated Deportation and affirmed by the BIA Court of Appeals Board of Immigration and now he is waiting for a sentence before Judge Tauro in United States of America V. Ramon Abreu Cabrera a.k.a. Ismael Cintron No: 04CR10081 JLT

14

Petitione is presenly in custody of the united states Marshal at Plymouth County Correctinal Facility Alien Prays That The Previously Charge of Deportation To be Dismissed U.S. V. HARPE 490 S. 435. 104. L.Ed. 487 109. S. CT 1892 /1989/ The Supreme court Concluded That Fore Feiture is civil Punishment of Double Jeopardy Purpose hence Deportation is civil Fore FeiTure See KUR RANCh The Supreme court held Multiple Punishment Are barre by Double Jeopardy Therefore Alien Abreu Cabrera Should be barred from Third Punishmet Double Jeopardy attack U.S. V. PeRes No: 94.60.738 /November 21, 1994/ Mr. Abreu have a Appointed Defense counsel in the Pending criminal Proceedings, Federal Defender office Syrie D. Fried ESq. TLF: 223-8061

## Conclusion

Petitioner Respectfully Request That This court Take Notice of all The Fact That his case is Directly Gorverned by ZADVYDA And order Petitioner S" immediate Relief from Ditention by The U.S. marshal Costody I Affirm under Penalty of Perjury That The Foregoine is True And Correct

Respectfully Submitted
Ramon W. Abreu C.

Date 5/5/05

15

For District Court Massachusetts
One U.S. Court House
Court House Way Boston Ma. 02110

OMB #1105-0064
Appeal Fee Waiver Request

# APPEAL FEE WAIVER REQUEST

Name: Ramon W. Abreu

"A" Number: A 36557748

I, Ramon W. Abreu, declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that I am the Applicant/Respondent in the above case and that I am unable to pay the cost of my appeal due to my poverty. I believe that my appeal is valid and I declare that the following responses concerning my financial situation are true and correct to the best of my knowledge:

**Assets**

- Wages, Salary: $ 0 /month
- Other Income (business, profession, self-employment, rent payments, interest, etc.): 0 /month
- Cash: 0
- Checking or Savings account: 0
- Property (real estate, automobile, stocks, bonds, etc.): 0
- Other Financial Support (public assistance, alimony, child support, gift, parent, spouse, other family members, etc.): 0 /month

**Expenses** (including dependents)

- Housing (rent, mortgage, etc.): $ 0 /month
- Food: 0 /month
- Clothing: 0 /month
- Utilities (phone, electric, gas, water, etc.): 0 /month
- Transportation: 0 /month
- Debts, Liabilities: 0 /month
- Other (specify): 0 /month

Signature: Ramon W. Abreu

Date: 5/5/05

Form EOIR-26A
April 1996

Any submission (motion, letter, application, etc) to the court is required to contain a statement that you mailed or delivered an exact copy to the Department of Homeland Security -Litigation Unit and the date this was performed. The court will **NOT** accept any submission unless you:
   a] Send or deliver a copy of the submission to the Department of Homeland Security -Litigation Unit; and,

   b] Certify to the court that you sent or delivered a copy of the submission to the Department of Homeland Security -Litigation Unit and when you did.
===========================================================
Below is sample language we suggest you use.
===========================================================

## CERTIFICATE OF SERVICE

I, _Ramon W. Abreu_____, certify I have served a true copy of the within to the:

   Office of District Counsel
   Department of Homeland Security
   JFK Federal Building, Room 425
   15 New Sudbury Street
   Boston, MA 02203

postage <u>prepaid</u> / <u>in hand service</u>, on this         day of          , 2005.
   (Circle one)

_Ramon W. Abreu_____
                Signature

---

Please note: The Immigration Court is located in Room 320 of the JFK Federal Building.

DO NOT SERVE THE OFFICE OF DISTRICT COUNSEL'S COPY WITH THE
ORIGINAL SERVED UPON THIS COURT.
DOING SO DOES NOT CONSTITUTE SERVICE TO THE
OFFICE OF DISTRICT COUNSEL DEPARTMENT OF HOMELAND SECURITY

THE CLERK'S OFFICE WILL NOT FORWARD DOCUMENTS

---

H:\wpdocs\Forms\CERTIFICATE OF SERVICE.wpd                                                rev.01-2004