UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAMON ABREU CABRERA,**<br>      Petitioner,<br><br>            v.<br><br>**BRUCE CHADBOURNE, FIELD<br>OFFICE DIRECTOR, BUREAU OF<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,**<br>      Respondent. | C.A. 05-10410-NG |

GERTNER, D.J.:

ORDER OF DISMISSAL
May 18, 2005

Pro se petitioner Ramon Abreu Cabrera petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to prevent his deportation to the Dominican Republic [docket entry # 1]. Respondent moves to dismiss the petition, arguing -- among other grounds -- that this Court lacks jurisdiction because petitioner is not in the custody of the Bureau of Immigration and Customs Enforcement [docket entry # 4]. I agree that the petition for a writ of habeas corpus is premature and hereby **GRANT** the motion to dismiss. This action is hereby **DISMISSED** without prejudice.

The instant petition names Bruce Chadbourne, Field Office Director for the Bureau of Immigration and Customs Enforcement, as the respondent. A habeas petitioner must name his custodian, the person having day-to-day control over him, as the respondent. Vasquez v. Reno, 233 F.3d 688, 697 (1st Cir. 2000) ("Because the

petitioner did not direct his habeas petition 'to the person having custody of the person detained,' 28 U.S.C. § 2243, the district court ought not to have acted on the merits."), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001); cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody").

Petitioner is not in the custody of the Bureau of Immigration and Customs Enforcement.  Rather, he is in the custody of the Bureau of Prisons, having been sentenced to two years of imprisonment before Judge Tauro on April 25, 2005, for illegally re-entering the country after deportation in violation of 8 U.S.C. § 1326.[1]  United States v. Abreau-Cabrera, C.R. No. 04-10081-JLT.  Because petitioner is in the custody of the Bureau of Prisons, this Court lacks subject matter jurisdiction over his claims regarding deportation.  See Abreu v. INS, C.A. No. 04-11997-DPW (D. Mass. 2004) (dismissing a nearly identical petition for the same reason in an opinion dated October 22, 2004).  See also Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 674 (7th Cir. 2003) (affirming dismissal of habeas petition where petitioner "was not the subject of immigration proceedings at the time his petition was filed, nor is he at the present time").

---

[1] Petitioner was indicted on March 23, 2004.

Accordingly, I find that Ramon Abreu Cabrera's petition for a writ of habeas corpus is premature and hereby **GRANT** respondent's motion to dismiss.

**SO ORDERED.**

**Date:     May 18, 2005**                **/s/ NANCY GERTNER, U.S.D.J.**